Curia, per

Evans, J.
At common law, the death of either party before final judgment, abated the action. To remedy the inconvenience of this, our Act of 1746, provides “ That, in all actions to be commenced in any Court of record in this Province after the passing of this Act, if any plaintiff shall happen to die after an interlocutory, and before a final judgment obtained therein, the said action shall not abate by reason thereof, if such action might be originally prosecuted by the executors and administrators of such plaintiff. And if the defendant die after such interlocutory judgment, and before final judgment obtained therein, the said action shall not abate, if such action might be originally prosecuted against the executors or administrators of such defendant.”
The next clause of the Act provides for the issuiug of a Sci Fa. to shew cause why damages should not be assessed; and, if no cause be shewn, then a writ of inquiry of damages shall be awarded, which being executed, final judgment shall be rendered for the plaintiff!
On the hearing of this case, I thought it not within the provisions of the Act, because no judgment had been entered up; but, upon further consideration, I am persuaded that my first impression was wrong, and in this opinion all my brethren concur. We conceive the interlocutory judgment, spoken of in this Act, to mean nothing more than the order for judgment, by default either of appearance or plea, which the clerk, according to our practice, makes on the back of the declaration. No judgment is ever entered up on this; but the case goes upon the inquiry docket, whither it would have no right to go unless the order were, in fact, the judgment. The case of Kincaid vs. Blake, in attachment, (1 Bailey, 20,) was decided on this principle; and the death of the defendant *31 after the expiration of the rule to plead did not abate the suit. We are therefore of opinion that the appellant’s ease did not abate by the death of the defendant, and that, the plaintiff had a right to sue out a Sci. Fa. and to have his damages assessed, unless some good cause were shewn to the contrary, according to the practice of the Court.
The whole Court concurred.